DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Wesley C. Vincent appeals the judgment of the Ross County Court of Common Pleas, which denied his motion to withdraw his guilty pleas. Appellant asserts that the trial court should have granted his motion because his sentence was contrary to his plea agreement.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 The Proceedings Below {¶ 3} In March 1990, Defendant-Appellant Wesley C. Vincent shot and killed his wife. Eventually, appellant, pursuant to a plea agreement, pled guilty to the following: (1) aggravated murder with a firearm specification, a violation of R.C. 2903.01; (2) attempted aggravated burglary, a violation of R.C. 2911.11 and 2923.02; (3) failure to comply with the order or signal of a police officer, a violation of R.C. 2921.331; and, (4) two counts of felonious assault with a firearm specification, violations of R.C. 2903.11.[1]
 {¶ 4} The trial court imposed the following sentences: (1) life imprisonment plus three years actual incarceration for aggravated murder with a firearm specification; (2) eight to fifteen years imprisonment for attempted aggravated burglary; (3) eighteen months imprisonment for failure to comply with the order or signal of a police officer; (4) ten to twenty-five years imprisonment for each of the two counts of felonious assault plus three years actual incarceration for a firearm specification. In addition to the above sentences, the trial court also ordered that (1) the sentences imposed for attempted aggravated burglary and aggravated murder be served concurrently; (2) the sentence for failure to comply with an order or signal of a police officer be served consecutive to the aggravated murder sentence; and (3) the sentences for felonious assault be served concurrently to each other but consecutively to all other sentences.
 {¶ 5} In May 2002, appellant filed a pro se motion to withdraw his guilty pleas.[2] In his motion, appellant asserted that his sentence was contrary to the plea agreement he entered into with the state. Specifically, appellant argued that pursuant to the agreement, his sentences for felonious assault were to be served concurrently with the sentence for aggravated attempted burglary and that the sentence imposed violated this provision of the plea agreement.
 {¶ 6} Subsequently, the state filed a memorandum in opposition to appellant's motion. The state asserted that the sentence imposed upon appellant satisfied the requirements of the plea agreement.
 {¶ 7} The trial court denied appellant's motion without holding a hearing.
 The Appeal I. Assignments of Error {¶ 8} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 9} First Assignment of Error: "The trial court erred and abused its discretion in denying Defendant-Appellant's motion to withdraw plea [sic] of guilty when defendant supplied the trial court with copies of the plea agreement signed by Judge Holmes and the sentencing journal which reflected that the defendant did not receive the benefit of the bargain that the trial court had the responsibility to give under theFifth Amendment to the Constitution of the United States of America and Art. I, § 16 [sic] of the Constitution of Ohio."
 {¶ 10} Second Assignment of Error: "The trial court erred and abused its discretion in denying Defendant-Appellant the specific performance of the plea agreement that the trial court had the responsibility to give under theFifth Amendment to the Constitution of the United States of America and Art. I, § 16 [sic] of the Constitution of Ohio."
 {¶ 11} Appellant's assignments of error essentially raise the same issue, that the state did not fulfill its obligations under the plea agreement. Accordingly, we address appellant's assignments of error conjointly.
 II. Motion to Withdraw Guilty Pleas {¶ 12} A defendant who seeks to withdraw a guilty plea after imposition of sentence has the burden of establishing the existence of manifest injustice. See Crim. R. 32.1; State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and our review of a trial court's denial of a post-sentence motion to withdraw is limited to a determination of whether the court abused its discretion. See State v. Early (Aug. 14, 1998), Knox App. No. 97CA27; see, also, State v. Blatnik (1984), 17 Ohio App.3d 201, 478 N.E.2d 1016. Therefore, we will not reverse the trial court's decision unless it appears the trial court's attitude was unreasonable, arbitrary or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
 {¶ 13} "We note that a plea agreement is contractual in nature. See United States v. Arnett (C.A.9, 1979), 628 F.2d 1162 citingSantabello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427. In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. See United States v.Partida-Parra (C.A.9, 1988), 859 F.2d 629; Arnett. A defendant's failure to fulfill the terms of a plea agreement will relieve the government of reciprocal obligations under the agreement. United States v. Verrusio
(C.A.7, 1986), 803 F.2d 885. Whether a party to a plea agreement breached the terms and obligations of the agreement is a matter entrusted to the sound discretion of the trial court. See Verrusio; State v. Smith
(1977), 49 Ohio St.2d 261, 361 N.E.2d 1324; State v. Blatnick (1984),17 Ohio App.3d 201, 478 N.E.2d 1016." State v. Woyan (July 21, 1997), Athens App. No. 96CA1772.
 {¶ 14} Appellant's petition to enter a plea of guilty contained the following provision to which he ascribed: "I declare that no officer or agent of any branch of government (Federal, State or local), nor my lawyer, nor any other persons, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead `Guilty', except concurrent sentencing on Att[empted] Agg[ravated] Burg[lary] [and] the 2 Fel[onious] Assault [Charges]; dismiss death specification." Before submitting the petition to the trial court, appellant's counsel made the following statement at the change of plea and sentencing hearing: "Your Honor, in my haste to prepare the petition to enter the guilty plea there, I obviously abbreviated and cut some corners, but [appellant] and I discussed that at the time."
 {¶ 15} Prior to making the aforementioned statement and submitting the petition to enter a guilty plea, the state set forth on the record and in the presence of appellant and his counsel the elements of the plea agreement. Specifically, appellee stated that as a part of the agreement it would make the following sentencing recommendations: "[t]hat the defendant receive a life sentence for his conviction upon aggravated murder, that the defendant would receive an additional three years of actual incarceration upon his conviction of the firearm specification * * *. The defendant would receive a sentence of [eight] to fifteen years upon his conviction for attempted aggravated burglary. This eight to fifteen sentence [sic] would be served concurrently with the life sentence. The defendant would receive a sentence of one and one half [sic] year for his conviction upon failure to comply. This sentence of one and one half year would be served consecutive to the life sentence and consecutive to the three years * * * actual incarceration. The defendant would receive a sentence of ten to twenty-five years upon his conviction for felonious assault. This ten to twenty-five year sentence would be consecutive to the one and a half year sentence, consecutive to the three year sentence, and consecutive to the life sentence. The defendant would receive a mandatory three years [actual incarceration] upon his conviction for the firearm specification connected to that felonious assault conviction. Finally, the defendant would receive a sentence of ten to twenty-five years upon his conviction for felonious assault as set forth in the last count of the indictment * * *. The two felonious assault convictions would run concurrently with each other."
 {¶ 16} Following a brief discussion concerning the dismissal of one of the firearm specifications, counsel for appellant indicated that the foregoing description of the sentences was accurate and indicative of the agreement. Appellant then requested to withdraw his prior plea of not guilty and enter a plea of guilty pursuant to the plea negotiations.
 {¶ 17} Subsequently, the trial court addressed appellant directly and asked whether the proposed plea agreement as read into the record was correct, whether appellant had discussed the agreement with his attorneys, and whether appellant understood the agreement. Appellant responded affirmatively to all of the trial court's questions.
 {¶ 18} Accordingly, our review of the record indicates that the sentencing proposal, as read into the record, is exactly the same sentence imposed by the trial court in its sentencing entry. Appellant received the full benefit of his plea agreement and the state has fulfilled all its obligations under the same. Thus, appellant has failed to demonstrate a manifest injustice. See Crim. R. 32.1.
 {¶ 19} Therefore, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas. Thus, appellant's assignments of error are overruled.
 III. Conclusion {¶ 20} Based on the foregoing, it is evident that the trial court did not err in denying appellant's motion to withdraw his guilty pleas.
 {¶ 21} Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment and Opinion.
[1] These citations are to the statutes in effect at the time of the offense.
[2] In August 2001, appellant filed a pro se motion for leave to file a delayed motion for new trial and a motion for new trial pursuant to Crim. R. 33(B). Eventually, appellant's counsel substituted a motion to withdraw guilty pleas for the Crim. R. 33(B) motion. That motion was denied and appellant filed an appeal from that decision. See State v.Vincent, Ross App. No. 02CA2654, 2003-Ohio-473, for our decision affirming the trial court's judgment.